IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| MICHAEL BOWLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO._____ |
| SYNCHRONY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, MICHAEL BOWLES, by and through the undersigned counsel, and files this, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, his Complaint against Defendant SYNCHRONY BANK. In support thereof, Plaintiff respectfully shows this honorable Court as follows:

## JURISDICTIONAL STATEMENT

1. This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3).

2. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and Defendant transacts business in this

district.

## PARTIES

3. Plaintiff, MICHAEL BOWLES ("Plaintiff"), is a natural person who at all relevant times resided in Miami, Florida (Dade County).

4. Defendant, Synchrony Bank ("Defendant") is bank with a principal place of business located at 170 West Election Road, Suite 125, Draper UT 84020 and may be properly served with process at that address.

## FACTUAL ALLEGATIONS

5. On or about January 18, 2018 Defendant placed a call to Plaintiff's cellular phone number (305) 484-2029 from telephone number (770) 239-0719. On January 18, 2018, Plaintiff returned a call to (770) 239-0719 and spoke with a representative of Defendant and during the ensuing communication, Plaintiff unequivocally stated to Defendant that the number called was for the use of Plaintiff's Minor Child and demanded that Defendant cease and desist from placing any and all further telephone calls to Plaintiff or Plaintiff's Minor Child.

6. Despite Plaintiff's demand that Defendant cease and desist from placing any and all further telephone calls to Plaintiff and Plaintiff's Minor Child, thereafter Defendant placed over One Hundred and Fifteen (115) additional calls to Plaintiff's cellular telephone.  A log of said calls is attached hereto as Exhibit A.

7. Defendant placed the above-described calls to a telephone number assigned to a cellular telephone service.

8. Upon information and good-faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial phone numbers without human intervention.

9. Upon information and good-faith belief, Defendant used such hardware and software to place the calls described above to Plaintiff's cellular telephone.

10. Defendant did not place any telephone calls to Plaintiff's cellular telephone for emergency purposes.

11. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above willfully and knowingly, meaning that Defendant consciously and deliberately made the calls referenced herein.

12. Defendant placed telephone calls to Plaintiff's cellular telephone under its own free will.

13. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular

telephone.

14. Upon information and good-faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls described above.

15. In addition, and upon information and good-faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls described above to Plaintiff.

16. Upon information and good-faith belief, Defendant maintains business records that will evidence all calls Defendant placed to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice.

## COUNT I

17. Plaintiff incorporates herein each allegation above as if restated in their entirety.

18. Defendant, by its actions as described above, violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

c) In the alternative, awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

d) Awarding Plaintiff actual damages, if any, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: 05/18/2018

Respectfully submitted,

/s/Ronald S. Kaniuk
Florida Bar # 0112240
Kaniuk Law Office, P.A.
301 Yamato Road, Suite 2121
Boca Raton, Florida 33431
Phone: 561-292-2127
Email: ron@KaniukLawOffice.com

Of Counsel To:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
Phone:  678-781-1012
Fax:  877-570-5413
Email:  alex@a-s-law.com